UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAHMOOD SHAKIR NASSRULLA AL HATEM, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3237 |
| | § | |
| USCIS, *et al*, | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

Before the Court is the defendants', United States Citizenship and Immigration Services ("USCIS") and Department of Homeland Security ("DHS") (collectively, the "defendants"), motion to dismiss the plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 9). The plaintiff, Mahmood Shakir Nassrulla Al Hatem (the "plaintiff"), has failed to file a response and the time for doing so has long expired. Pursuant to S.D. Tex. LR 7.4, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. LR 7.4. After having carefully considered the motion, the pleadings and the applicable law, the Court determines that the defendants' motion to dismiss should be **GRANTED**. The Court hereby enters the factual findings and conclusions of law set forth below.[1]

**II. FACTUAL BACKGROUND**

The plaintiff commenced the instant civil action, pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1427(a), and 8 U.S.C. § 1421(c), seeking to challenge the denial of his naturalization application by USCIS. The plaintiff, a foreign national and citizen of

---

[1] To the extent that any factual finding should be construed as a conclusion of law it is hereby adopted as such and vice versa.

1 / 8

Iraq, was accorded lawful permanent resident ("LPR") status on January 15, 2010. On February 17, 2015, he filed an Application for Naturalization, INS Form N-400, with USCIS. On October 28, 2015, USCIS issued a Form N-14, Request for Evidence, asking the plaintiff to submit evidence, by November 28, 2015, that he had not abandoned his lawful permanent residence in the United States in the last five years. According to USCIS's records at the time, the plaintiff neither responded nor requested additional time to do so. As such, the plaintiff's application for naturalization was denied on January 7, 2016, for lack of good moral character. (*See* Dkt. No. 1).

Shortly thereafter, the plaintiff administratively appealed USCIS's denial of his naturalization application by filing a Form N-336, Request for Hearing, pursuant to 8 U.S.C. § 1447(a). On April 26, 2016, the plaintiff appeared for a hearing to review USCIS's decision. At the hearing, USCIS confirmed receipt of the plaintiff's response to its Form N-14 on November 4, 2015, and thus, vacated its original denial issued on January 7, 2016.

On May 6, 2016, however, following a review of the evidence submitted by the plaintiff in support of his naturalization application, coupled with testimony provided by him during his naturalization interview and subsequent administrative hearing, USCIS issued a second decision denying the plaintiff's Application for Naturalization, Form N-400, due to his failure to meet the physical presence requirement—a prerequisite necessitating that an applicant establish that he has been physically present in the United States for at least half of the 5-year period immediately preceding the date of his naturalization application, or for 913 days. (*See* Dkt. No. 1.) The plaintiff was found to have been physically present in the United States only 594 days. *Id.*

On November 3, 2016, the plaintiff filed the instant action seeking a *de novo* review of his naturalization application and further requesting that this Court grant him naturalization.[2]

The defendants now move to dismiss the plaintiff's complaint for failure to state a claim. The plaintiff has failed to file a response to the defendants' motion to dismiss and the time for doing so has long elapsed.

### III.    CONTENTIONS OF THE PARTIES

#### A.    The Plaintiff's Contentions

The plaintiff contends that the defendants violated the INA by denying his naturalization application. He argues that he has met all of the statutory prerequisites for naturalization, namely, that he has been physically present in the United States for more than five years, has only left the country to work as a government contractor for the U.S. military, has maintained LPR status, and has remained continuously present in the United States at least half of the five year-period immediately preceding the date of his application. As such, the plaintiff avers that he is entitled to a *de novo* review of his naturalization application.

#### B.    The Defendants' Contentions

The defendants maintain that the plaintiff has not satisfied the relevant five-year residency prerequisite required for naturalization of lawful permanent residents. More specifically, the defendants argue that according to USCIS records, the plaintiff was only physically present in the United States for 594 days immediately preceding his naturalization application date rather than the 913 days required by statute. The defendants also contend that the plaintiff has not pointed to any statutory authority for the proposition that his time working

---

[2] On or about June 23, 2016, the plaintiff filed a prior action seeking *de novo* review of his naturalization application, but that lawsuit was subsequently dismissed on October 25, 2016, by Judge Lynn Hughes due to the plaintiff's failure to properly serve the defendants within ninety days of filing his complaint. (*See* Dkt. No. 6).

abroad as a government contractor should count toward satisfying the statutory presence prerequisite. Accordingly, the defendants argue that the plaintiff's petition for review and request for naturalization should be denied. They further aver that their motion to dismiss should be granted.

**IV.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining what

statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

## V. ANALYSIS AND DISCUSSION

An applicant for naturalization whose application has been denied following a hearing before an immigration officer is permitted to seek judicial review of any such denial in any federal judicial district in which he resides. *See* 8 U.S.C. § 1421(c). "Judicial review of naturalization denials is always available and is *de novo*, and is not limited to any administrative record but rather may be on facts established in and found by the district court *de novo*." *Aparicio v. Blakeway*, 302 F.3d 437, 445 (5th Cir. 2002); *see also* 8 U.S.C. § 1421(c). Nevertheless, an alien applicant must establish, by a preponderance of the evidence, that he meets all of the statutory prerequisites for naturalization. 8 C.F.R. § 316.2(b). Any doubts regarding the same are to be construed "in favor of the United States and against" the alien applicant. *Bustamante–Barrera v. Gonzales*, 447 F.3d 388, 394 – 95 (5th Cir. 2006), *cert. denied*, 549 U.S. 1205, 127 S. Ct. 1247, 167 L. Ed.2d 74 (2007); *see also Berenyi v. Dist. Dir., Immigration & Naturalization Serv.*, 385 U.S. 630, 636 – 37 (1967). Strict compliance with all prerequisites to the attainment of citizenship is essential. *See Fedorenko v. United States*, 449 U.S. 490, 506 (1981).

Specifically, in order for an alien applicant to become a naturalized citizen in the United States, the INA requires that the applicant, *inter alia*:

> (1) immediately preceding the date of filing his application for naturalization ha[ve] resided continuously, after being lawfully admitted for permanent

> residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application ha[ve] been physically present therein for periods totaling at least half of that time . . .
>
> (2) ha[ve] resided continuously within the United States from the date of the application up to the time of admission to citizenship, and
>
> (3) during all the periods referred to in this subsection ha[ve] been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

8 U.S.C. § 1427(a). "Absence from the United States of more than six months but less than one year during the period for which continuous residence is required for admission to citizenship . . . shall break the continuity of such residence." 8 U.S.C. § 1427(b).

Here, the plaintiff contends that although he was outside of the United States for more than half the five-year period immediately preceding his application filing date, he is, nonetheless, eligible for naturalization because "his time spent working [abroad] for the U.S. military should count as time within the United States" for purposes of satisfying the statutory "physically present" requirement. (*See* Dkt. No. 1 at ¶ 21.) The plaintiff further maintains that "[h]e was serving this country and should not be punished," as during his travel abroad, he likely spent time on U.S. sovereign ground or U.S. controlled territories and did not travel to Iraq for personal reasons.

The plaintiff, however, has not directed this Court to any authority, statutory or otherwise, supporting such a proposition and this Court has been unable to unearth any on its own. Further, it is well-settled law that "[o]nce it has been determined that a person does not qualify for citizenship . . . the district court has no discretion to ignore the defect and grant citizenship." *United States v. Fedorenko*, 597 F.2d 946, 954 (5th Cir. 1979) (internal citation omitted). In this case, the plaintiff does not dispute that he was absent from the United States for

1,231 days during the requisite statutory period, which, in turn, means that he was physically present in the United States during this time for only 594 days rather than the 913 days required. Additionally, the plaintiff does not allege nor has he shown that he has otherwise satisfied the requirements contained in other applicable provisions so as to entitle him to a waiver of the physical presence requirement. *See* 8 U.S.C. § 1427(c). Because the plaintiff has not established, by a preponderance of the evidence, that he was physically present in the United States for at least half of the 5-year period, or for the requisite 913 days immediately preceding the date his naturalization application was filed, he is ineligible for naturalization. Therefore, the Court concludes that USCIS's denial of the plaintiff's application for naturalization did not violate the INA and should be affirmed.

## VI. CONCLUSION

Based on the foregoing discussion and analysis, the plaintiff's petition for review is **DENIED** and the defendants' motion to dismiss is **GRANTED**.

It is so **ORDERED.**

SIGNED on this 29th day of March, 2018.

Kenneth M. Hoyt
United States District Judge